IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE

IVAN RICARDO PIZARRO MARTINEZ
and JANELECH MARIE MARQUEZ
BAYON

Debtors

CASE NO. 25-01590 (ESL)

CHAPTER 13

OPINION AND ORDER DENYING RECONSIDERATION

This case is before the court upon the *Motion for Reconsideration of Order Dismissing Case* filed by the Debtors on December 4, 2025  (the "*Motion for Reconsideration*", dkt. #54).

For the reasons stated herein, the *Motion for Reconsideration* is DENIED.

Factual and Procedural Background

1.      On September 30, 2025, Debtors' former counsel filed an *Amended Motion Resigning Legal Representation* (dkt. #43) requesting, among other things, that Debtors be granted thirty (30) days to obtain new legal representation from entry of an order granting the motion, and that all deadlines and pending mattes be held in abeyance during such time (dkt. #43).

2.      The motion resigning legal representation was granted on October 6, 2025 (dkt. #44). Thus, the thirty (30) days lapsed on November 5, 2025.

3.      On October 15, 2025, the court held a confirmation hearing wherein it granted Debtors thirty (30) days to respond to the unfavorable report of the Chapter 13 Trustee (the "Trustee") at dkt. #45, that is, by November 14, 2025. See *Minutes [of] Contested Chapter 13 Confirmation Hearing*, dkt. #47. Debtors were present and represented by counsel.

4.       On November 11, 2025, Debtors' new counsel filed a *Notice of Appearance and Motion for Extension of Time* (the "*Notice*", dkt. #50), requesting thirty (30) days to respond to any pending matters.

5.      The record reflects that the *Notice* (dkt. #50) was not granted. As such, the deadline to respond to the unfavorable report remained November 14, 2025.

-1-

6. On November 18, 2025, the court issued an *Order Dismissing Chapter 13 Petition* (dkt. #51) case upon Debtors' failure to "reply to trustee's unfavorable report".

7. On December 4, 2025, the Debtors filed a for *Motion for Reconsideration of Order Dismissing Case* pursuant to Fed. R. Civ. P. 59 (dkt. #54). Debtors argues that a manifest error of law has occurred because the Debtors had until December 11, 2025, to respond to the unfavorable report upon the filing of the *Notice* (dkt. #50).

8. The court ordered the Trustee to state her position as to Debtors request for reconsideration of dismissal. See dkt. #55.

9. On December 29, 2025, the Trustee filed a *Motion in Compliance with Order Dkt. 55* (dkt. #57), stating that "no objection that debtors be granted 21 days in order to address the pending issues and therefore, that the motion for reconsideration be held in abeyance until debtors' compliance" (id., pp. 2-3, ¶ 6).

Applicable Law and Analysis

(A)     Motion for Reconsideration Standard under Fed. R. Civ. P". 59(e)

Motions for reconsideration "are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure in *haec verba*." In re Mujica, 470 B.R. 251, 253 (Bankr. D.P.R. 2012), *aff'd*, 492 B.R. 355 (D.P.R. 2013). See also Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied* 510 U.S. 859 (1993), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075–76 (5th Cir. 1994); In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999), *aff'd*, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), *aff'd*, 17 F. App'x 5 (1st Cir. 2001), citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Portugues–Santa v. B. Fernandez Hermanos, Inc., 614 F.Supp.2d 221, 225 (D.P.R. 2009); In re Martinez, 2013 WL 3808076, at *4 (Bankr. D.P.R. 2013); In re Acosta, 497 B.R. 25, 31 (Bankr. D.P.R. 2013). Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief of

judgment or order under Fed. R. Civ. P. 60(b)[1]. See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)).

"These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within [fourteen (14)] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." Pabon Rodriguez, 233 B.R. at 219, quoting Van Skiver, 952 F.2d at 1243.

"The substance of the motion, not the nomenclature used or labels placed on motions, is controlling." In re Lozada Rivera, 470 B.R. 109, 112–113 (Bankr. D.P.R. 2012). Thus, for example, even if filed within the time limit for a motion under Fed. R. Civ. P. 59(e), a motion seeking relief on grounds of "excusable neglect" will be treated as a Fed. R. Civ. P. 60(b)(1) motion, because Fed. R. Civ. P. 59(e) does not provide a vehicle for a party to undo its own procedural failures. See In re Lozada Rivera, 470 B.R. at 113, citing 12–60 Moore's Federal Practice Civil § 60.03. Also see United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164–165 (1st Cir. 2004) (even if timely filed under Fed. R. Civ. P. 59(e), a motion seeking relief on grounds of excusable neglect will be treated as Fed. R. Civ. P. 60(b)(1) motion, because Fed. R. Civ. P. 59(e) does not provide a vehicle for party to undo its own procedural failures); Jennings v. Rivers, 394 F.3d 850, 854–856 (10th Cir. 2005) (a motion timely filed under Fed. R. Civ. P. 59(e) but asserting ground for relief specified under Fed. R. Civ. P. 60(b), should be evaluated under standards applicable to Fed. R. Civ. P. 60(b) motions).

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. To meet the threshold requirements of a successful Fed. R. Civ. P. 59(e) motion, such motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. In re Schwartz, 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008), citing Pabon Rodriguez,

---

[1] Fed. R. Civ. P. 59(e) are made to contested matters under Fed. R. Bankr. P. 9023 and 9024, respectively.

233 B.R. at 218. <u>See also</u> <u>Mujica</u>, 470 B.R. at 254. For a motion for reconsideration to succeed, "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." <u>In re Redondo Constr. Corp.</u>, 2019 WL 6130938, at *3 (Bankr. D.P.R. 2019), *aff'd*, 621 B.R. 81 (D.P.R. 2020), quoting <u>Mulero-Abreu v. P.R. Police Dep't,</u> 675 F.3d 88, 94 (1st Cir. 2012). <u>See also</u> <u>Pabon Rodriguez</u>, 233 B.R. at 218; <u>BBVA v. Vazquez (In re Vazquez)</u>, 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing <u>Aybar v. Crispin–Reyes</u>, 118 F.3d 10, 16 (1st Cir. 1997); <u>In re Zutrau</u>, 563 B.R. 431, 449 (B.A.P. 1st Cir. 2017), citing <u>Marie v. Allied Home Mortg. Corp.</u>, 402 F.3d 1, 7, n. 2 (1st Cir. 2005), quoting <u>Pomerleau v. W. Springfield Pub. Sch.</u>, 362 F.3d 143, 146, n. 2 (1st Cir. 2004).

Federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. <u>See</u> <u>Pabon Rodriguez</u>, 233 B.R. at 218. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. <u>See</u> <u>id.</u>; <u>Global Naps, Inc. v. Verizon New England, Inc.</u>, 489 F.3d 13, 245 (1st Cir. 2007) (motions under Fed. R. Civ. P. 59(e) are reviewed for abuse of discretion, reversing only where "the original judgment evidenced a manifest error of law ... or in certain other narrow situations").

"A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." <u>Redondo</u>, 2019 WL 6130938 at *2, quoting <u>Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.</u>, 455 F.3d 7, 15-16 (1st Cir. 2006). When a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Fed. R. Civ. P. 59(e) motion. <u>See</u> <u>Pabon Rodriguez</u>, 233 B.R. at 218. "Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." <u>Redondo</u>, 2019 WL 6130938 at

*3, quoting <u>Lepore v. Vidockler</u>, 792 F. 2d 272, 274 (1st Cir. 1986). Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. <u>See Pabon Rodriguez</u>, 233 B.R. at 218. A motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. <u>See Standard Química de Venezuela v. Central Hispano International, Inc.</u>, 189 F.R.D. 202, 205, n. 4 (D.P.R. 1999). A such, a party moving for Fed. R. Civ. P. 59(e) relief may not repeat arguments previously made, <u>see Prescott v. Higgins</u>, 538 F.3d 32, 45 (1st Cir. 2008), "rehash arguments previously rejected or … raise ones that 'could, and should, have been made before judgment issued." <u>Soto-Padró v. Public Buildings Authority</u>, 675 F.3d 1, 9 (1st Cir. 2012) (citations omitted). "[M]otions for reconsideration should not give parties a 'second bite at the apple' or 'another roll of the dice' ". <u>Redondo</u>, 2019 WL 6130938 at *2, quoting <u>Conway v. A.I. DuPont Hosp. for Children</u>, 2009 WL 1492178, at *4 (E.D. Pa. 2009). <u>Also see</u> <u>In re Vazquez</u>, 471 B.R. at 761("in denying reconsideration, the bankruptcy court correctly applied the First Circuit precedent against a second bite at the apple: litigants may not use Fed. R. Civ. P. 59(e) to advance arguments they could have made earlier"). "It is therefore exceedingly difficult for a litigant to succeed in a Fed. R. Civ. P. 59(e) motion." <u>In re Mujica</u>, 470 B.R. at 254, citing <u>ACA Fin. Guar. Corp. v. Advest, Inc.</u>, 512 F.3d 46, 55 (1st Cir. 2008).

(B)    <u>Discussion</u>

The *Motion for Reconsideration of Order Dismissing Case* (dkt. #54) was filed sixteen (16) days after the case was dismissed. Fed. R. Civ. P. 59 is thus inapplicable. Moreover, no manifest error of law exists where the deadline for Debtors to respond has lapsed. A request for an enlargement of time must be made through a separate motion, not via a notice of appearance. <u>See</u> Fed. R. Bankr. P. 9006(b); Fed. R. Civ. P. 6(b).

Further, and as noted by the Trustee at dkt. #57, Debtors have yet to address the matters raised in the Trustee's unfavorable report. As such, the reason why this case was dismissed has yet to be cured.

CONCLUSION

For the reasons stated herein, the *Motion for Reconsideration of Order Dismissing Case* (dkt. #54) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of January 2026.

Enrique S. Lamoutte
United States Bankruptcy Judge